# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:20-cv-00312-RJC

| | |
|---|---|
| ROY SMITH,                                   ) | |
|                                              ) | |
|       Plaintiff,    ) | |
|                                              ) | |
|       v.            ) | **ORDER** |
|                                              ) | |
| COMMISSIONER OF SOCIAL SECURITY,             ) | |
|                                              ) | |
|       Defendant.    ) | |
|                                              ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 11, 13). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I.      BACKGROUND

Plaintiff Roy Smith ("Smith") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Smith filed his application for disability insurance benefits on August 18, 2017, with an alleged onset date of June 1, 2016. (Tr.[1] 17).

In denying Smith's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 17–30). At step one, the ALJ found that Smith had not engaged in substantial gainful activity since the application date. (*Id.* at 19). At step two, the ALJ found that Smith had

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 9.

the following combination of severe impairments: degenerative disk disease, obstructive sleep apnea, osteoarthritis, hypertension, and obesity. (*Id.*). The ALJ also noted that Smith had received treatment for cramping and diarrhea, diverticulitis, and kidney stones; however, the ALJ found these to be non-severe impairments. (*Id.* at 19–20). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 20–21). Before moving to step four, the ALJ found that Smith had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach in front laterally or overhead with his left, non-dominant extremity. The claimant should never climb ladders, ropes or scaffolds and should avoid all exposure to unprotected heights, moving mechanical parts, and other workplace hazards. The claimant should avoid more than occasional exposure to fumes, odors, dust, gases, industrial chemicals, and poorly ventilated areas.

(*Id.* at 21). At step four, the ALJ found that Smith could not perform any past relevant work, but found at step five that Smith could perform jobs that existed in significant numbers in the national economy, such as a sorter (106,000 jobs), folder (101,000 jobs), and assembler (137,000 jobs). (*Id.* at 29).

After exhausting his administrative remedies, Smith brought the instant action for review of Defendant's decision denying his application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

3

## III.     DISCUSSION OF CLAIM

Smith raises two challenges[2]: (1) the ALJ failed to perform a medical necessity analysis on Smith's cane usage and (2) the ALJ misevaluated the medical opinion of Kelly Pearson.  In response, Defendant argues that the ALJ's decision was proper.

### A.     Medical Necessity Analysis for Smith's Cane Usage

Smith contends that the ALJ had an obligation to perform a medical necessity analysis under SSR 96-9p.  Defendant argues that the ALJ's decision is supported by substantial evidence as the ALJ found the medical and activity evidence conflicted with the need for Smith to use a cane.

"The requirement to use a hand-held assistive device may also impact on the individual's functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling."  20 C.F.R. Part 404, Subpt. P, Appendix 1, § 1.00(J)(4).  "Thus, an ALJ is required to consider the impact of 'medically required' hand-held assistive devices."  *Fletcher v. Colvin*, No. 1:14-CV-380, 2015 WL 4506699, at *8 (M.D.N.C. July 23, 2015) (citing *Wimbush v. Astrue*, No. 4:10-CV-00036, 2011 WL 1743153, at *2–3 (W.D. Va. May 6, 2011)).  A hand-held assistive device is medically required if there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed."  SSR 96–9p, 1996 WL 374185, at *7.  Moreover, a prescription, or lack thereof, for an assistive device is not dispositive of medical necessity.  *See Staples v. Astrue*, 329 F. App'x 189, 191–92 (10th Cir. 2009).  "Thus, under SSR 96–9P, Plaintiff must have presented medical documentation (1) establishing the need for his cane

---

[2] Smith also mentions in passing that the Appeals Council declined to exhibit Ms. Pearson's second opinion that closely mirrored her prior opinion.  As Smith did not argue that the opinion was new and material and that there is a reasonable probability that the opinion would change the outcome of the decision, the Court does not address this.  20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

and (2) describing the circumstances for which it is needed. Failing that, an ALJ is not required to include the use of a walker in a plaintiff's RFC." *Fletcher*, 2015 WL 4506699, at *8. Cases analyzing this issue have turned on whether the ALJ addressed the claimant's purported cane usage and whether a medical professional prescribed or advised cane use.[3] Of note, this Court has affirmed an ALJ's decision where a cane was not prescribed and the ALJ explained the claimant's purported cane use, a subjective complaint, was not consistent with the record evidence. *Christon v. Colvin*, No. 3:15-cv-00305-RJC, 2016 U.S. Dist. LEXIS 78558, at *13–15 (W.D.N.C. June 15, 2016).

The present case is not like prior cases that were remanded where medical providers recommended cane use or where the ALJ failed to address the issue of claimant's cane use. Here, the ALJ noted that Smith appeared at the hearing with a cane and testified that he has been using a cane since at least a year before his application date. (Tr. 22). The medical record evidence cited by the ALJ also lists Smith's cane use and one instance of wheelchair use. (Tr. 22, 25, 26). While the medical record shows instances of treatment for hip pain and an antalgic gait, no record evidence was cited by either Party which shows that a medical provider prescribed or even advised

---

[3] *Hamlin v. Colvin*, No. 8:12-CV-3601-RMG-JDA, 2014 WL 587464, at *14 (D.S.C. Jan. 23, 2014), *report and recommendation adopted*, No. 8:12-3601-RMG, 2014 WL 588073 (D.S.C. Feb. 14, 2014) (remanding when ALJ failed to determine medical necessity of a cane when there was conflicting evidence of claimant's use of a cane in the record); *McNair v. Colvin*, No. 8:13–1218–MGL, 2014 WL 2614892, *18 (D.S.C. June 10, 2014) ("Plaintiff has some difficulties ambulating and may, at least at times, require the use of an assist device . . . however, that the ALJ rejected outright Plaintiff's claim that she requires the use of a cane merely because it was not prescribed by a doctor, and without any explanation as to how he resolved the conflicting evidence of record regarding Plaintiff's use of the cane, or whether he considered the use of a cane in determining Plaintiffs RFC at all."); *Atkins v. Berryhill*, No. 1:17-CV-318, 2018 WL 4158397, at *7 (M.D.N.C. Aug. 30, 2018), *report and recommendation adopted*, No. 1:17-CV-318, 2018 WL 4688314 (M.D.N.C. Sept. 28, 2018) (affirming where ALJ explained that claimant's self-described cane use was in conflict with medical evidence showing that claimant had good balance and could walk with no limp); *McLaughlin v. Colvin*, No. 1:12-CV-621, 2014 WL 12573323, at *2 (M.D.N.C. July 25, 2014) (remanding where ALJ failed to determine medical necessity of a cane when a treating physician prescribed a walking cane); *Smith v. Saul*, No. 5:18-CV-00282-FL, 2019 WL 5800086, at *9 (E.D.N.C. July 16, 2019), *report and recommendation adopted*, No. 5:18-CV-282-FL, 2019 WL 3820094 (E.D.N.C. Aug. 14, 2019) (remanding where ALJ failed to address claimant's need for a cane where treating physician recommended cane use); *Fletcher v. Colvin*, No. 1:14-CV-380, 2015 WL 4506699, at *9 (M.D.N.C. July 23, 2015) (remanding when ALJ failed to determine medical necessity of walker after a treating medical provider advised using a walker).

cane use (including circumstances for which it is needed). Thus, the ALJ was not required to address Smith's cane use. Regardless, the ALJ addressed Smith's subjective complaint of cane use, noting:

> The record does reveal a number of instance[s] in which the claimant was observed to ambulate with an ataxic gait, and to utilize a single point cane for assistance. However, providers at Ashville Orthopaedics Associates and Carolina Spine & Neurosurgery both noted the claimant to present with intact sensation, full strength in his upper and lower extremities, and normal coordination, indicating the claimant retains greater abilities than alleged (Exhibits 2F, 4F, 5F, 9F, 11F). Furthermore, the record contains multiple reports of the claimant engaging in home exercises and advanced yard work, which would belie the claimant's purported inability to perform the standing, walking, lifting, and carrying requirements of the light exertional level.

(Tr. 27). The ALJ thus "buil[t] an accurate logical bridge from the evidence to his conclusion" by explaining that the cane use conflicts with Smith's ability to perform yard work and exercise, which the ALJ found more persuasive. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). While Smith may disagree with the ALJ's conclusion, it is not for a reviewing court to reweigh the evidence as the ALJ here explained his decision not to include a limitation for cane use in the RFC and the ALJ was not required to perform a medical necessity analysis.

### B.    Medical Opinion of Ms. Pearson

Smith argues that the ALJ misevaluated the medical opinion of Ms. Pearson because the physical therapy reports, which the ALJ relied on to find Ms. Pearson's opinion unpersuasive, actually support Ms. Pearson's opinion, and the ALJ improperly cherry-picked parts of the physical therapy notes. Defendant argues that medical evidence supports the ALJ's decision and that it is not for reviewing courts to reweigh the evidence.

For applications filed after March 27, 2017, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a).

6

Instead, ALJs focus on the persuasiveness of the medical opinions while considering five regulatory factors. Of the five factors, an ALJ need only explain how he considered the factors of supportability and consistency. *Id.* at § 404.1520c(b)(2).

Here, Family Nurse Practitioner Kelly Pearson was Smith's primary care provider. Ms. Pearson opined that Smith "could lift and carry less than ten pounds, stand and walk two hours throughout an eight-hour day, sit for two hours throughout an eight-hour day, and [sic] could never climb, kneel, crouch, stoop, crawl, or balance." (Tr. 27, 691–93). After reviewing the entire record, the ALJ found Ms. Pearson's opinion unpersuasive, explaining:

> While these opinions might enjoy some support from the longitudinal evidence of record, they fail to give adequate consideration to the reports of the claimant's physical therapists, who noted a number of reports of the claimant to be engaging in significant activities in his personal life, including yard work and home exercises, that are inconsistent with the significant limitations noted by FNP Pearson.

(Tr. 27). The ALJ followed the new standard and explained his conclusion by "build[ing] an accurate logical bridge from the evidence to his conclusion"—explaining that he found Ms. Pearson's opinion unpersuasive because it conflicted with the reports of physical therapists. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). In particular, the ALJ noted that physical therapy notes said that Smith lifted a large rock while performing yard work (Tr. 24, 514) and that Smith worked out in his home gym (Tr. 24, 567).

Relying on *Arakas v. Commissioner*, 983 F.3d 83 (4th Cir. 2020), Smith believes the ALJ improperly cherry-picked facts from the physical therapy reports. In *Arakas*, the Fourth Circuit remanded where the ALJ made several misstatements of fact and selectively cited from the record. *Id.* at 98. Here, Smith does not allege that the ALJ misstated any material facts. And the evidence that Smith alleges the ALJ ignored while cherry-picking facts is present in the ALJ's decision. For example, the ALJ noted that physical therapy reports state that Smith has left hip pain and reduced

Case 1:20-cv-00312-RJC   Document 16   Filed 03/22/22   Page 7 of 8

strength. The ALJ also noted that Smith was seen using a cane. However, the ALJ also noted that Smith improved during physical therapy and could perform bilateral single leg stands. (Tr. 24). Accordingly, the ALJ did not cherry-pick facts like in *Arakas* and Smith's argument is unavailing as the ALJ provided facts that supported a disability finding as well as facts that supported a nondisability finding before explaining his conclusion. *Phillips v. Berryhill*, No. 8:17-cv-02423-MGL-JDA, 2018 U.S. Dist. LEXIS 218780, at \*49 (D.S.C. Dec. 7, 2018) ("[D]isagreements with the ALJ's conclusion rather than valid objections to the ALJ's analysis . . . are not a basis for the Court to overturn the ALJ's well-reasoned findings.").

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, (DE 11), is **DENIED**;

2.    Defendant's Motion for Summary Judgment, (DE 13), is **GRANTED**; and

3.    Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 22, 2022

Robert J. Conrad, Jr.
United States District Judge